PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| L'DDARYL D. ELLIS, | ) | |
| | ) | CASE NO. 4:18CV1597 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| GOVERNOR MIKE DeWINE,[1] *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 4] |

This matter is before the Court on the Complaint (ECF No. 1) of *Pro Se* Plaintiff L'Ddaryl Ellis against Governor John Kasich ("Kasich"), Gary Mohr ("Mohr"), Charmaine Bracy ("Bracy"), Christopher LaRose ("LaRose"), Judge Janet R. Burnside ("Judge Burnside"), and Cuyahoga County ("County") (collectively, "Defendants"). Plaintiff claims that Defendants conspired to violate his rights under the Fifth and Fourteenth Amendments of the United States Constitution, and brings this action pursuant to 42 U.S.C. §§ 1983, 1985(2) and (3), and 1986, as well as 18 U.S.C. §§ 241 and 242. ECF No. 1 at PageID #: 13, ¶ 24.

For the reasons that follow, this case is dismissed.

[1] John Kasich was an original Defendant. He was sued in an official capacity as a public officer. On January 14, 2019, Mike DeWine became the Governor of Ohio. Pursuant to Fed. R. Civ. P. 25(d), DeWine's name has been automatically substituted as a party.

## I. Background

Plaintiff is a state prisoner in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"), and is currently confined in the Northeast Ohio Correctional Center.[2] Plaintiff alleges that Kasich was the governor of the State of Ohio during all relevant times herein (ECF No. 1 at PageID #: 2, ¶ 4), Mohr is the Director of the ODRC (ECF No. 1 at PageID #: 2, ¶ 5), Bracy was the warden at TCI as of 2015 (ECF No. 1 at PageID #: 2, ¶ 6), LaRose is the former warden at TCI (ECF No. 1 at PageID #: 2, ¶ 7), Burnside is the judicial officer in the Cuyahoga County Court of Common Pleas who presided over the criminal matter underlying this action (ECF No. 1 at PageID #: 2, ¶ 8), and Cuyahoga County is the county where the criminal matter underlying this action transpired (ECF No. 1 at PageID #: 2, ¶ 9).

The events giving rise to this action began on October 28, 2012 when Ellis was arrested in Maple Heights and later indicted on 14 counts related to two separate shooting incidents. ECF No. 1 at PageID #: 2-3, ¶ 10; *see* *State v. Ellis*, No. 99830, 2014 WL 197880, at *1 (Ohio App. 8th Dist. Jan. 16, 2014).[3] Plaintiff pleaded not guilty, waived his right to a jury trial, and his case was tried to the bench before Judge Burnside. Burnside found Plaintiff guilty on counts 4, 6, 7, 8, 9, and 14 of the indictment. With respect to count 5, Judge Burnside found Plaintiff not guilty

---

[2] According to the ODRC website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A641151), Plaintiff is no longer an inmate at Trumbull Correctional Institution ("TCI"). *Also see* Supplement to Complaint (ECF No. 3).

[3] Prior proceedings which are integral to the complaint may be used to supplement the pleading even if they are not attached to the complaint. *Mediacom Se. LLC v. BellSouth Telecomm., Inc.*, 672 F.3d 396, 400 (6th Cir. 2012).

of aggravated murder, but guilty of the lesser included offense of involuntary manslaughter. ECF No. 1 at PageID #: 2-3, ¶ 10.

> On April 15, 2013, Ellis appeared for sentencing. The trial court merged the involuntary manslaughter, felonious assault, and aggravated riot counts with the murder count for sentencing purposes. The trial court then imposed a prison term of 15 years to life to be served after Ellis served three years for the firearm specifications.

*Ellis*, 2014 WL 197880, at *3 ¶ 19.

On direct appeal, Ellis raised eight assignments of error. *Id.* at *1. The Ohio Eighth District Court of Appeals affirmed all of Ellis's convictions except the aggravated riot charge, and remanded the case to the trial court to vacate the aggravated riot conviction. *See id.*, at *11; ECF No. 1 at PageID #: 5-6, ¶ 12.

This brings the Court to the heart of Ellis's claim Ohio Rev. Code § 2953.13. Plaintiff alleges that when the Ohio Eighth District Court of Appeals remanded the case to the trial court to vacate his conviction for aggravated riot, § 2953.13 was triggered. According to Ellis, the statute required the TCI warden to transport him back to the Cuyahoga County jail and place him in the custody of the Cuyahoga County Sheriff. ECF No. 1 at PageID #: 7-8, ¶ 13.

After the state Court of Appeals remanded the case, Judge Burnside entered a Journal Entry (ECF No. 1-15) vacating Ellis's conviction for aggravated riot Ellis's original sentence was unchanged. Plaintiff was not transported from TCI to the Cuyahoga County jail. ECF No. 1 at PageID #: 8, ¶¶ 14-15.

Ellis unsuccessfully moved Judge Burnside to be conveyed back to the trial court pursuant to Ohio Rev. Code § 2953.13, unsuccessfully sought a writ of mandamus from the

Eighth District Court of Appeals to be conveyed back to the trial court,[4] and unsuccessfully sought a writ of mandamus from the Ohio Supreme Court to require Burnside and the TCI warden to comply with the statute.[5] ECF No. 1 at PageID #: 8-9, ¶¶ 16-17. Ellis also unsuccessfully grieved the TCI warden's alleged failure to comply with the statute (ECF No. 1 at PageID #: 9-10, ¶ 19), and wrote Kasich concerning the alleged violation of § 2953.13 (ECF No. 1 at PageID #: 11, ¶ 21).

Plaintiff alleges that Defendants' failure to comply with the statute violated his constitutional rights under the Fifth and Fourteenth Amendments "to due course of law[.]" ECF No. 1 at PageID #: 13, ¶ 24. He seeks $125 million in compensatory damages and the same amount in punitive damages. ECF No. 1 at PageID #: 13-14, ¶¶ 25-31.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints, and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[4] *See* *State ex rel. Ellis v. Burnside*, No. 103469, 2015 WL 9461723 (Ohio App. 8th Dist. Dec. 18, 2015) (granting Judge Burnside's and Warden LaRose's motions for judgment because Ellis's claim that the statute required that he be conveyed back to the trial court was already determined by the Eighth District to lack merit and was barred by res judicata).

[5] *See* ECF No. 1 at PageID #: 9, ¶ 17 (citing Entry (ECF No. 1-24) and Decision (ECF No. 1-25)).

relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Thomas v. Brennan*, No. 1:18 CV 1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (Gaughan, J.) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under § 1915(e)(2)(B) and § 1915A, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the dismissal standard articulated in *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B) and § 1915A). Thus, a complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

## III. Law and Analysis

### A. Plaintiff's challenge to the fact or duration of his confinement is dismissed

In addition to money damages, Plaintiff seeks "[a]ny additional relief this Court deems just, proper and equitable." ECF No. 1 at PageID #: 14, ¶ 31. To the extent that Plaintiff challenges the fact or duration of his confinement based upon the alleged unconstitutionality of Defendants' failure to comply with Ohio Rev. Code § 2953.13, § 1983 is not an appropriate vehicle for such a challenge. "[W]hen a prisoner challenges the 'alleged unconstitutionality of

[a] state administrative action,' the 'exclusive remedy available' is that of habeas corpus." *Jackson v. Allen*, No. 2:14-CV-580, 2014 WL 3687771, at *2 (S.D. Ohio July 24, 2014) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)) (dismissing plaintiff's § 1983 claim that the warden violated § 2953.13 by failing to transfer him to the county jail for resentencing on the grounds that plaintiff's exclusive remedy lies in habeas corpus).

Accordingly, Plaintiff's challenge to the fact and duration of his confinement pursuant to § 1983 is dismissed.

**B. Plaintiff's challenge to his underlying convictions and sentence is dismissed**

To the extent Plaintiff's § 1983 claim that Defendants violated his constitutional rights by failing to transport him to the Cuyahoga County jail for resentencing in accordance Ohio Rev. Code § 2953.13 calls into question the validity of his conviction or sentence, that claim is dismissed. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or other harm caused by allegedly unlawful actions, which, if successful, would render a conviction or sentence invalid, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Here, while Plaintiff's conviction for aggravated riot was reversed on appeal, the convictions for which he is presently serving his sentence were affirmed.[6] To the extent that a judgment in Plaintiff's favor regarding Defendants alleged violation of his constitutional rights with respect to § 2953.13 would call into question the validity of the convictions or sentence that were affirmed by the Ohio Court of Appeals, none of which have been called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff fails to state a cognizable § 1983 claim and that claim is dismissed.

**C. Plaintiff fails to state a plausible 42 U.S.C. § 1983 claim**

Even if Plaintiff's exclusive remedy does not lie in habeas corpus or his § 1983 claim is not barred by *Heck*, this case is dismissed pursuant to § 1915(e) for failure to state a plausible § 1983 claim upon which relief can be granted. In order to state a claim under § 1983, Plaintiff must show (1) a violation of a right secured by the Constitution or laws of the United States (2) committed by a person acting under color of state law. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001). Plaintiff's § 1983 claim fails because he has not alleged a constitutional violation.

Plaintiff claims that Defendants violated his Fifth and Fourteenth Amendment rights to "due course of law" because he was not returned to the trial court when the Ohio Court of

[6] *See Ellis*, 2014 WL 197880, at *6 ("[W]e sustain the second assigned error as it relates to the aggravated riot conviction, but overrule the assigned error on the remaining convictions.").

Appeals remanded his case to vacate the aggravate riot conviction. *See* ECF No. 1 at PageID #: 13, ¶ 24; *Ellis*, 2014 WL 3697681, at *11. The Complaint (ECF No. 1) refers to the mandamus actions Plaintiff filed with the Ohio Eighth District Court of Appeals to enforce the Warden's compliance with Ohio Rev. Code § 2953.13. ECF No. 1 at PageID #: 9, ¶ 24.[7] But, the state Court of Appeals denied Ellis's mandamus actions, noting that the mandate to remand and vacate the aggravated riot conviction "would have no impact on his sentence" and the trial court's proceeding to vacate Ellis's conviction for aggravated riot "was not a resentencing hearing." *Ellis*, 2015 WL 5869429, at *1-2; *Ellis*, 2015 WL 9461723, at *2 ("the trial court undertook the correction, only a ministerial action, under this court's mandate to vacate one of Ellis's convictions . . ., which did not affect the total term of the prison sentence imposed on him"); *see also* Journal Entry (ECF No. 1-15).

The question of what process was due Ellis must be answered only if he establishes a deprivation of a constitutionally protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Due Process Clause, standing alone, confers no liberty or property interest in freedom from government action. *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

[7] In those actions, Ellis argued that when the Ohio Court of Appeals remanded his criminal case to vacate the aggravated riot conviction, his constitutional right to be present for that "resentencing" was violated because he was not transported back to the Cuyahoga County jail pursuant to Ohio Rev. Code § 2953.13. *See* *State of Ohio, ex rel. Ellis*, No. 102815, 2015 WL 5869429, at *1-2 (Ohio App. 8th Dist. Oct. 7, 2015); *Ellis*, 2015 WL 9461723, at *1 ("Ellis seeks an order from this court that compels Judge Janet Burnside to issue an order conveying Ellis to the trial court for a resentencing hearing as mandated by the appellate judgment [on direct appeal].").

Ellis had no constitutionally protected interest in being present when the trial court acted upon the Ohio Court of Appeals' remand order. The trial court's action was a ministerial act ordered by the Eighth District to vacate the aggravated riot conviction. *Ellis*, 2015 WL 9461723, at *2. The original sentence imposed by the trial court remained unchanged. Such a ministerial act does not implicate a constitutional right to due process. *See* *United States v. Cano*, 558 Fed.Appx. 936, 941 (11th Cir. 2014) (when the district court acted upon the mandate of the court of appeals requiring dismissal of one count of conviction, but affirming all other convictions and sentence, the district court's entry of the amended judgment did not require the presence of the petitioner or representation by counsel to perform that purely ministerial act with no discretion given to the sentencing judge); *see also* *Roller v. Thompson*, No. 1:05-CV-0465-JOF, 2006 WL 783362, at *4-5 (N.D. Ga. March 23, 2006) (petitioner's constitutional right to due process was not violated when the trial court erroneously merged crimes in the indictment for which petitioner had not been convicted, then entered an order of nolle prosequi with respect to the merged counts, and resentenced petitioner to a sentence identical to the sentence originally imposed because the act was "so ministerial and lacking in substance that nothing implicating Petitioner's constitutional rights could have occurred.").

In reversing the trial court on the aggravated riot conviction, the Ohio Court of Appeals did not remand the case to the trial court for resentencing, and the trial court's compliance with the Court of Appeals' remand did not alter the sentence originally imposed. But even if the trial court's action could be characterized as a resentencing, Ellis had no constitutional right to be physically present.

In *Booker v. Engle*, 535 F. Supp. 1300 (S.D. Ohio 1982), a state court prisoner brought a habeas action arguing, among other claims, that the trial court's failure to return him for resentencing upon remand by the appellate court, which involved a reduction in the state court prisoner's sentence, deprived him of due process. The district court denied the petition, holding that the petitioner received all the due process to which he was entitled at the time the original sentence was imposed, and petitioner suffered no deprivation of due process or prejudice by not being physically present when the trial court reduced his sentence pursuant to the appellate court's remand. *Id.* at 1302-03.

Here, the trial court complied with the Eighth District's remand order to vacate the aggravated riot conviction. Ellis's sentence after the aggravated riot conviction was vacated remained the same in all respects as the original sentence imposed. Plaintiff does not complain that he did not receive the due process he was entitled to when the original sentence was imposed, and Ellis was not prejudiced by the trial court's actions vacating the aggravated riot conviction pursuant to the remand order. Indeed, Ellis benefitted in that he has one less conviction. *See Ellis*, 2015 WL 9461723, at *2. Plaintiff's physical absence when the trial court complied with the remand order did not deprive Ellis of any protected liberty interest or constitutional right to due process. *See Buckner v. Timmerman-Cooper*, No. 1:04-CV-00209, 2006 WL 1995605, at *3-4, *6 (S.D. Ohio July 14, 2006) (finding that even if petitioner's absence from his resentencing hearing violated state law, the habeas court would be unable to grant relief because his absence from a resentencing hearing in accordance with the remand order of the court of appeals, which reduced petitioner's sentence by three years, did not violate the

U.S. Constitution); *Choinski v. Yates*, No. CV 06-1672-MMM (PLA), 2007 WL 6080196, at *16 (C.D. Cal. Dec. 6, 2007) (petitioner was not deprived of due process or suffered prejudice from the trial court's failure to secure his presence for resentencing after the California court of appeals reversed petitioner's conviction on two counts and the trial court resentenced petitioner pursuant to the appellate court's partial reversal) (citing *Buckner*, 2006 WL 1995605, at *4), *report and recommendation adopted*, No. CV06-1672-MMM (PLA), 2009 WL 497165 (C.D. Cal. Feb. 24, 2009); *see also* *United States v. Bolden*, 343 Fed.Appx. 574, 578 (11th Cir. 2009) (district court need not conduct a second sentencing hearing, and the defendant does not have a constitutional right to be present for the reimposition of the original sentence); *Francis v. Carroll*, No. Civ.A. 03-1137-JJF, 2005 WL 662673, at *4-5 (D. Del. March 10, 2005) (state trial court did not deprive petitioner of his constitutional right to procedural due process by changing the effective date of his sentence without providing him with an opportunity to be heard because the state court did not impose a new or different sentence but merely clarified the starting date of a preordained sentence).

When, as here, Plaintiff has not alleged the deprivation of a constitutional right, he fails to state a § 1983 claim upon which relief may be granted. The alleged violation of a state statute or regulation, alone, is insufficient to state a cognizable § 1983 claim. *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983.").[8]

---

[8] To the extent that Plaintiff raises a state claim regarding the Defendants'

(continued...)

Moreover, Ellis fails to state a § 1983 claim against Judge Burnside for the additional reason that Burnside is immune from suit as a matter of law, and Ellis fails to allege facts supporting a plausible exception to absolute judicial immunity. *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (citing among authority *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). Similarly with respect to Kasich, to the extent Plaintiff sues Kasich in his official capacity as governor, Kasich is immune from suit.[9] Plaintiff's allegations that Kasich is "legally responsible for the overall operation of the State of Ohio and each department under his jurisdiction" (ECF No. 1 at PageID #: 2, ¶ 4) and that Kasich did not respond to a letter from Plaintiff regarding the

[8](...continued)
compliance with or interpretation of Ohio Rev. Code § 2953.13, *see e.g.*, *State ex rel. Briscoe v. Matia*, No. 95414, 2010 WL 3441979 (Ohio App. 8th Dist. Sept. 1, 2010) ("R.C. 2953.13 requires that Briscoe be conveyed to the jail of the county in which he was convicted, and committed to the custody of the sheriff, *if a new trial is ordered*.") (emphasis added), the Court declines to exercise supplemental jurisdiction and that claim is dismissed without prejudice. *See* 28 U.S.C. § 1367(c); *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.").

[9] An action against a state official in his official capacity is the equivalent of an action against the state, and the State of Ohio has not waived its Eleventh Amendment sovereign immunity as to § 1983 actions. *Anderson v. Ohio Dep't of Rehab. & Corr.*, No. 2:14-CV-191, 2014 WL 5089437, at *1 (S.D. Ohio Oct. 9, 2014) ("[T]he State of Ohio has not waived immunity from suit, and Congress has not abrogated Ohio's immunity in 42 U.S.C. § 1983 actions.").

Warden's alleged non-compliance with Ohio Rev. Code § 2953.13 (ECF No. 1 at PageID #: 11-12, ¶ 21), are insufficient to state a § 1983 claim for relief against Kasich in his personal capacity.[10]

Ellis's only allegations against Mohr are that he is the Director of, and has overall responsibility for, the ODRC (ECF No. 1 at PageID #: 2, ¶ 5), and that the Chief Inspector responded to Plaintiff's grievance "that ODRC spoke with the Court" (ECF No. 1 at PageID #: 10, ¶ 19). Ellis does not allege any specific conduct on the part of Mohr with respect to the claimed unconstitutional activity. Plaintiff fails to state a plausible § 1983 claim against Mohr in his official and personal capacities for the same reasons that he failed to state a claim against Kasich.

Plaintiff also fails to state a plausible § 1983 claim against the County as Ellis does not allege that any County custom or policy caused the alleged constitutional violation. Under

---

[10] The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability to supervisory personnel. *See Wingo v. Tenn. Dep't of Corr.*, 499 Fed.Appx. 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citation omitted). Section 1983 liability must be based upon active unconstitutional behavior, not upon a mere failure to act. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). Here Plaintiff alleges that he did not receive a response from Kasich and makes the conclusory allegation that Kasich consented to and acquiesced in the alleged conduct. But, that allegation is a legal conclusion masquerading as a factual allegation and is insufficient to state a plausible claim for relief against Kasich. *See Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice [to state a plausible claim for relief].") (citation omitted).

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), counties may be held liable under § 1983 for the constitutional violations of their employees only when the county's policy or custom led to the violation. *Id.* at 694-95. That said, there can be no § 1983 claim against a county in the absence of an underlying constitutional violation. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). Here, the Court has found none. But even if there were, Ellis has not alleged that any policy or custom of the County caused the alleged constitutional violation. Therefore, his § 1983 claim against the County fails. *See McClendon v. City of Detroit*, 255 Fed.Appx. 980, 982 (6th Cir. 2007).

For all of these reasons, Ellis fails to state a plausible § 1983 claim upon which relief can be granted, and that claim is dismissed pursuant to § 1915(e).

**D. Plaintiff fails to state plausible 42 U.S.C. §§ 1985(2), (3) and § 1986 claims**

Section 1985(2) prohibits conspiracies to obstruct justice by intimidating or injuring a party, witness or juror. Section 1985(3) prohibits conspiracies to deprive persons of equal protection of law. Conspiracy must be pled with some specificity, and vague, conclusory, and unsupported allegations are not sufficient to state a claim. *See Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Ellis alleges that Defendants "have conspired against the Plaintiff's rights" ECF No. 1 at PageID #: 13, ¶ 24. But, his allegation of a "conspiracy" are purely conclusory and unsupported by specific facts. *See Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008) (holding that allegations of a § 1985 claim are insufficient when the plaintiff "offered nothing more than the conclusory allegation that the defendants acted in concert and, without more, failed to allege a sufficient factual basis to establish any sort of 'meeting of the minds' or

to link any of the alleged conspirators in a conspiracy to deprive him of his civil rights"). Nor does Plaintiff allege that Defendants' alleged conduct was motivated by race or other class-based invidiously discriminatory analysis, which is necessary to state a § 1985(3) claim. *See Moniz v. Cox*, 512 Fed.Appx. 495, 499-500 (6th Cir. 2013). Plaintiff fails to state a plausible claim under §§ 1985(2) and (3), and those claims are dismissed pursuant to § 1915(e).

Section 1986 creates a cause of action against those who have knowledge that a § 1985 conspiracy is about to be committed and the power to prevent it, but fail to do so. Failure to state a claim for relief under § 1985 is fatal to a § 1986 claim because the latter claim is dependent upon a viable § 1985 claim. Plaintiff has no cognizable claim under § 1986 because he fails to state a plausible § 1985 claim. *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 314-15 (6th Cir. 2005).

**E. Plaintiff fails to state plausible 18 U.S.C. §§ 241 and 242 claims**

Ellis fails to allege any plausible claim for relief pursuant to §§ 241 and 242. These statutes are federal criminal statutes, and do not provide a private cause of action or basis for civil liability. *United States v. Oguaju*, 76 Fed.Appx. 579, 581 (6th Cir. 2003) (affirming the district court's dismissal of claim pursuant to §§ 241 or 242 because Oguaju has no private right of action under either criminal statute).

## IV. Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's state law claims, including the claim regarding Defendants' compliance with or interpretation of Ohio Rev. Code § 2953.13 (*see* n. 8 *supra*), are dismissed

without prejudice. Plaintiff's Motion for Judgment on the Pleadings (ECF No. 4) is denied as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

July 31, 2019
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge